# U.D.E.M.

# CONVENIO COLECTIVO
# UNIÓN DE EMPLEADOS DE MUELLES DE PUERTO RICO
# LOCAL 1901
# I.L.A. AFL-CIO



Aportaciones sean deducibles para los propósitos de la contribución sobre ingresos bajo la Ley Federal de Contribuciones sobre Ingreso.

K. Queda convenido y entendido que si la implantación de los beneficios para casos de separación de empleo conllevara o impusiera contribuciones (taxes) o costos adicionales a la Compañía estos se pagaran por el fondo de Bienestar.

L. La junta vendrá obligada, una vez se haya separado las cuentas especiales de "Fondo Navideño" y Separación de Empleo, a conocer los beneficios que se enumeran en el contrato de fideicomiso y una vez pagados los beneficios arriba mencionados, se establecerá una reserva para el Fondo de Bienestar(Trust Fund) con cualquier suma sobrante.

M. Con excepción de los dispuestos en los párrafos precedentes, no se hará cambio alguno en la cantidad a pagarse por la Compañía durante la vigencia de este convenio, durante el cual cada una de las partes acuerda renunciar a su derecho a negociar con referencia a ese plan y acuerdan además que no habrá huelga, boicot o cualquiera otra amenaza para obligar cambios o adicionar cualquier otro asunto a este plan, disponiéndose además que cualquier controversia o cuestiones relativas al Fondo no serán objeto de arbitraje y para su solución se seguirá el tramite establecido por la ley.

N. La junta ordenará que se haga un examen de cuentas anualmente (Anual audit.) del Fondo y rendirá un informe a la Unión y a la Compañía.

### ARTICULO XII- COMITÉ DE ARBITRAJE:

A. En caso de algún incidente, disputa, controversia, reclamación con respecto a la interpretación de este Convenio, la unión o la compañía, a través de sus representantes autorizados, someterán inmediatamente el asunto en controversia a un representante autorizado de la Compañía o de la Unión. En caso de que el asunto no sea resuelto satisfactoriamente dentro de las 48 horas (sábados y domingos excluidos) después de haberse sometido a la Compañía por la Unión o viceversa, el mismo deberá ser sometido a un Comité de Arbitraje que por la presente se crea, compuesto de 5 miembros, dos representando la Unión, y dos representando a la Compañía que no sean abogados. El quinto miembro será nombrado de mutuo acuerdo por los representantes de la Unión y de la Compañía. En caso de que las partes no se pongan de acuerdo, el quinto miembro será uno de los árbitros oficiales del Departamento del Trabajo Estatal o el que nombre el honorable Secretario del Trabajo de Puerto Rico, o el director de Negociado de Conciliación y Arbitraje. La decisión podrá emitirse por el Comité de Arbitraje o por el quinto miembro, según lo acuerden las partes en cada caso. Dicha decisión será final y obligatoria a todas las partes y personas concernidas.

B. En caso de que varias disputas o controversias se encuentren pendientes al mismo tiempo, se les dará prioridad a las disputas o controversias que envuelvan despidos, suspensión u otra acción disciplinaria.

C. Si un empleado fuera despedido o suspendido como medida disciplinaria por la Compañía y dicha suspensión sea encontrada justificada por un árbitro, la decisión será aceptada por ambas partes. Pero de encontrarse injustificada, la Compañía reinstalará en su trabajo dejando a discreción del árbitro la compensación a pagarse.